Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6353 | **DATE** | 11/3/2011 |
| **CASE TITLE** | Elizabeth Ammons vs. Chicago Transit Authority | | |

## DOCKET ENTRY TEXT

Defendant Chicago Transit Authority's Motion to Dismiss Plaintiff's Amended Complaint in its Entirety [20] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Defendant Chicago Transit Authority's ("CTA") motion to dismiss Plaintiff Elizabeth Ammons's ("Ammons") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

Rule 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement must provide the defendant with fair notice of what the claim is and the grounds for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must include enough facts that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009).

CTA argues that Ammons fails to state a claim for race and sex discrimination (Counts I and III) because she has not provided sufficient facts for the Court to reasonably infer that CTA is liable for the alleged misconduct. A plaintiff alleging employment discrimination under Title VII, however, may allege these claims generally. Tamayo, 526 F.3d at 1081; see also Concentra, 496 F.3d at 782. Indeed, "[a] complaint need not allege all, or any, of the facts logically entailed by the claim, and it certainly need not include evidence." Tamayo, 526 F.3d at 1081 (internal quotation marks and citations omitted). Thus, to survive a motion to dismiss, a complaint alleging race or sex discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff" on the basis of her race or sex. Id. at 1084; see also Joren v. Napolitano, 633 F.3d 1144, 1146 (7th Cir. 2011). With these principles in mind, the Court turns to the allegations in Ammons's Amended Complaint.

Ammons alleges that CTA's agents and employees have engaged and continue to engage in race-based discrimination. According to Ammons, she has been subjected to different terms of employment and was suspended without pay, which was purposefully directed to harass and intimidate her and to prevent her from

advancing in her employment. Ammons specifically alleges, among other things, that her manager Edward Daul ("Daul") referred to her as "nigger" and also referred to her and other people of her race as "you people." Allegations of overtly race-based conduct are sufficient to satisfy Twombly as to Count I. Turning to Count III, Ammons contends that the only other employee beside herself that has been discriminated against is an African-American woman, and that similarly situated male employees have not been subjected to harassment and discipline imposed by CTA. These allegations are minimally sufficient to state a claim for sex discrimination under Title VII. CTA's motion to dismiss Counts I and III are therefore denied.

Next, CTA argues that Ammons fails to state a claim for retaliation (Count II). CTA incorrectly argues that Count II should be dismissed because Ammons fails to cite the statute under which she pleads her retaliation claim and therefore does not provide fair notice of what the claim is and the grounds upon which it rests. "Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it. Complaints should be short and simple, giving the adversary notice while leaving the rest to further documents." Bartholet v. Reishauer A.G. (Zürich), 953 F.2d 1073, 1078 (7th Cir. 1992). Indeed, "[i]nstead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations." Id.

Here, Ammons alleges that after Daul cursed and yelled at her and referred to her as "nigger" and "you people," she advised her then-general manager Joyce Butler ("Butler") of Daul's conduct. According to Ammons, Butler told Daul to leave her alone. Ammons also alleges that after Daul expressed his wish to suspend her for five days without compensation, Butler told him not to do that. Subsequently, John Malatesta ("Malatesta") replaced Butler as general manager. Ammons alleges that Malatesta suspended her for five days without pay, and "upon information and belief" this suspension was imposed at the insistence and with the encouragement of Daul. Finally, Ammons alleges "upon information and belief" that she was retaliated against for engaging in a protected activity, i.e., informing Butler of the improper and harassing treatment she received from Daul. CTA characterizes these allegations as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Mem. in Supp. of Def.'s Mot. to Dismiss Pl.'s Am. Compl. in its Entirety 8. The Court disagrees. These allegations, accepted as true, plausibly suggest that Ammons has a right to relief for retaliation.

Finally, CTA argues that Count II should be dismissed because Ammons did not file an administrative charge of discrimination resulting in retaliation. CTA improperly cites Thompson v. North American Stainless, LP, 131 S. Ct. 863 (2011), in a dubious attempt to support its faulty position that filing a charge with the EEOC before retaliation occurs is a necessary prerequisite to state a claim for retaliation. Thompson does not support this assertion. To the contrary, Thompson reiterates the United States Supreme Court's previous holding in Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006), that "Title VII's antiretaliation provision must be construed to cover a broad range of employer conduct." Thompson, 131 S. Ct. at 868. In Burlington, the Supreme Court stated, "The antiretaliation provision seeks to prevent employer interference with 'unfettered access' to Title VII's remedial mechanisms. It does so by prohibiting employer actions that are likely 'to deter victims of discrimination from complaining to the EEOC,' the courts, and their employers." 548 U.S. at 68 (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997)). Additionally, the Seventh Circuit has repeatedly held that "an informal complaint may constitute protected activity for purposes of retaliation claims." Casna v. City of Loves Park, 574 F.3d 420, 427 (7th Cir. 2009); see also Davis v. Time Warner Cable of Se. Wis., 651 F.3d 664, 674 (7th Cir. 2011). Accordingly, Ammons's informal complaint to her general manager is sufficient to state a claim for retaliation under Title VII. CTA's motion to dismiss Count II is therefore denied.

For the foregoing reasons, CTA's motion to dismiss is denied. Whether these claims can survive summary judgment is a question for another day.

IT IS SO ORDERED.